HARTMAN *v.* STOLL.

COVENANTS—INCUMBRANCES—LEASE—DAMAGES.

In an action to recover damages for breach of covenant of warranty that land conveyed was free from all incumbrances, where tenants in possession under oral lease from the grantor were paid $600 by plaintiff to surrender possession of said premises and remove therefrom the buildings thereon, plaintiff's right to recover was limited to $600.

Error to Wayne; Mandell, J. Submitted January 23, 1919. (Docket No. 107.) Decided April 3, 1919.

Assumpsit by Joseph Hartman against Louis Stoll and another for breach of a covenant in a deed. Judgment for plaintiff. Defendants bring error. Affirmed, conditionally.

*Edmund M. Sloman,* for appellants.

*Behr & Coolidge,* for appellee.

KUHN, J. As a culmination of negotiations for purchase, begun in the month of February, 1916, on March 22, 1916, the above defendants executed a warranty deed in favor of the plaintiff, Joseph Hartman, containing the usual covenants of warranty and that said premises were free from all incumbrances whatever except a mortgage therein described. The property covered by the deed consisted of 40 acres at the corner of the Seven Mile road and Livernois street in the outskirts of the city of Detroit and adjoining 40 acres of land to the south owned by the plaintiff. Apparently neither of the parties, prior to the delivery of the deed, knew of a tenant being in the possession of the premises, and the defendant Louis Stoll, who negotiated the sale to the plaintiff, testified that he did

See note in 35 L. R. A. (N. S.) 779.

not know that there were any buildings upon the premises at the time the sale was made. It appeared, however, that at the time of the execution of the deed the premises were in the possession of one Herman Guyman and wife, under the claim that they were entitled to the possession of the premises until November 1, 1916, by virtue of a parol agreement with the former owners of the premises. The plaintiff claimed that the premises were purchased for subdivision purposes or for resale to persons contemplating subdivision property, and that in order to fit the premises for such resale and subdivision purposes it was necessary that no tenant should be in the possession of the premises. He subsequently entered into a written contract with said Guyman and his wife, the parts of which that are material in the consideration of the points before us are therein set forth as follows:

"Witnesseth, that, whereas, the parties of the first part either jointly or severally claimed certain rights by lease in and to the northeast ¼ of the northeast ¼ of section 9, town 1 south, range 11 east, Wayne county, Michigan, which said rights they have this day surrendered and given up to Joseph Hartman, who owns said property in fee simple.

"Now, therefore, the parties hereto agree as follows:

"1. The parties of the first part confess and acknowledge that they have received from Joseph Hartman the sum of $300.00 as part consideration for the surrender by them of the premises above described, and they confess and acknowledge that they now have no right, title, interest, lease or claim whatsoever, either jointly or severally, in and to the above described premises or any part or appurtenance thereof, except as is given them by virtue of this agreement.

"2. The party of the second part has this day deposited with the Highland Park State Bank of Highland Park, Michigan, an additional $300.00 and hereby authorizes and empowers said bank to pay said additional $300.00 to the parties of the first part if

and when they remove the buildings now erected on said premises prior to December 1, 1916. Should the parties of the first part fail or neglect to remove said buildings from said premises prior to December 1, 1916, the additional $300.00, deposited in said bank as provided in this agreement, shall be repaid to the said Joseph Hartman, his heirs, legal representatives or assigns.

"3. The party of the second part hereby consents and agrees that the parties of the first part may go into possession of and occupy the buildings now erected on said premises, and may remain in such occupancy until December 1, 1916, and that they may, whenever they desire, prior to December 1, 1916, remove said buildings from said premises and retain the same as their own. It being distinctly understood and agreed, however, that if the parties of the first part fail or neglect to move said buildings from said premises prior to December 1, 1916, they shall thereby forfeit and lose all right, title and interest in and to such buildings, and the parties of the first part confess and acknowledge that their rights in and to said premises, by virtue of this agreement, is limited strictly to the occupancy of the buildings thereon contained; they have no right by lease or otherwise in and to any part of the land above described, whether they have already planted crops on a portion thereof or not, and they further agree that should the party of the second part desire at any time prior to December 1, 1916, to move the buildings now erected on said premises from their present location to another location on the premises above described, that the said party of the second part may do so at his own expense, without in any way violating any of the rights hereby given to the parties of the first part."

The trial of the case brought to recover damages because of the breach of the covenant that the property was free from all incumbrances, resulted in a verdict in favor of plaintiff for $1,170.89, which was subsequently reduced by the court to $1,135, for which amount the judgment was entered.

The majority of the assignments of error, as stated

by counsel for appellants in his brief, relate to the admission of testimony on behalf of the plaintiff and appellee to show the value of the buildings which Herman Guyman removed from the premises, upon the theory that in their removal the appellee gave up something of value, the cash equivalent of which it was claimed should be awarded him as an element of loss in his case. It is the claim of counsel for the appellants that this was improper for the reason that the amount of damages which the plaintiff suffered was fixed and determined by the parties themselves in the contract, the provisions of which are above set forth. With this contention we are inclined to agree. It is quite apparent that when Hartman discovered the fact that Guyman was on the property, and being desirous of having the buildings removed so as to make the land more desirable for subdivision purposes, he entered into the agreement, which seems to be definite in its terms and in our opinion fixes the damages to which he was entitled. The court was in error in not construing this instrument and in allowing the jury to hear testimony as to the damages, which tended to, and did, vary the terms of the instrument itself. It is apparent that, as a part of the consideration, Hartman paid Guyman $300 at the time that the contract was made and further agreed to pay him $300 more. It further appears, in the second clause of the contract, that Hartman agreed to pay Guyman the $300 additional in case the buildings on the premises were removed prior to December 1, 1916. Taking the agreement in its entirety, it seems conclusive that the plaintiff did not consider the buildings of any value and was especially anxious to have them removed from the property and that he withheld the second payment of $300 to ensure their removal. Apparently no question is made but that the $600 was paid, and the fair construction of the contract seems

to be that the tenant was to have the buildings which he removed as a consideration for doing the work of removal. The jury should have been instructed that the damages claimed by the plaintiff should be limited to $600, the amount that the plaintiff actually had to pay in order to get the tenant off from the property.

We do not think the other assignments of error require discussion.

Unless the plaintiff, within twenty days, sees fit to remit all of the judgment obtained in excess of $600, the judgment will be reversed and a new trial granted. Costs of this appeal will be awarded to appellants.

BIRD, C. J., and OSTRANDER, MOORE, STEERE, BROOKE, FELLOWS, and STONE, JJ., concurred.